IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRON WORKERS' MID-AMERICA PENSION PLAN, | ) ) ) | |
| IRON WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND, | ) ) ) ) | |
| IRON WORKERS' TRI-STATE WELFARE PLAN, | ) ) ) | |
| IRON WORKERS' LOCAL 111 FRINGE BENEFIT FUNDS, | ) ) ) | CIVIL ACTION FILED: MAY 30, 2008 |
| BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRONWORKERS LOCAL NO. 111, and | ) ) ) ) ) | NO.    08CV3126 RCC JUDGE   JUDGE KOCORAS MAGISTRATE JUDGE VALDEZ |
| JOSEPH J. BURKE, as Administrative Manager, of IRON WORKERS MID-AMERICA PENSION PLAN and IRON WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| K & V STEEL ERECTORS, L.L.C., an Iowa limited liability company, | ) ) ) | |
| Defendant. | ) ) | |

**COMPLAINT**

The Plaintiffs, IRON WORKERS' MID-AMERICA PENSION PLAN; IRON

WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND; IRON

WORKERS' TRI-STATE WELFARE PLAN; IRON WORKERS' LOCAL 111 FRINGE BENEFIT

FUNDS; BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS'

LOCAL UNION NO. 11, and JOSEPH J. BURKE, as Administrative Manager of IRON

WORKERS' MID-AMERICA PENSION PLAN and IRON WORKERS' MID-AMERICA

SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND, by their attorneys, complaining of the

Defendant, K & V STEEL ERECTORS, L.L.C., an Iowa limited liability company, allege as

follows:

### COUNT I–ERISA CLAIM

1.      This action arises under the laws of the United States and is brought pursuant

to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145

(hereinafter referred to as "ERISA").  Jurisdiction is based upon the existence of questions arising

thereunder, as hereinafter more fully appears.

2.      Plaintiffs, the IRON WORKERS' MID-AMERICA PENSION PLAN, IRON

WORKERS' MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY (SMA) FUND, IRON

WORKERS' TRI-STATE WELFARE PLAN; and IRON WORKERS' LOCAL 111 FRINGE

BENEFIT FUNDS (collectively "Funds"), are welfare, pension and related joint, labor-management

funds and bring this action as "employee pension benefit funds," and "plans," under ERISA.

Plaintiff, JOSEPH J. BURKE, is the Administrative Manager of IRON WORKERS' MID-

AMERICA PENSION PLAN, IRON WORKERS' MID-AMERICA SUPPLEMENTAL

MONTHLY ANNUITY (SMA) FUND and a fiduciary with respect thereto.  Plaintiff Funds are

administered within this District.

3.      Defendant is obligated to remit fringe benefit contributions and/or payroll

deductions to the Funds, under the terms of certain Agreements and Declarations of Trust,

2

establishing and outlining the administration of these Funds, and pursuant to the terms of a collective bargaining agreement.

4.    As an employer obligated to remit fringe benefit contributions and/or payroll deductions to the Funds, Defendant is specifically required to do the following:

(a)    To submit to Plaintiffs for each month, by the 20th day of the month following the month for which the report is made, a report stating the names, social security numbers, and total hours worked or for which wages were received in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

(b)    To accompany the aforesaid reports with payment of contributions and/or payroll deductions based upon the rates as stated in the applicable agreements;

(c)    To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Defendant is making full payment as required under the applicable agreements;

(d)    To compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions and deductions, by way of the payment of liquidated damages, together with interest as provided in ERISA, 29 U.S.C. §1132(g);

(e)    To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions and deductions required of it to be made to Plaintiffs;

(f)    To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions and/or payroll deductions;

(g)    To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions and deductions due the Plaintiffs.

5.     Defendant is delinquent and has breached its obligations to Plaintiffs and its obligations under the plans in the following respects:

(a)     Defendant has failed and refused to submit all of its reports to Plaintiffs due, to date, and/or, has failed to make payment of all contributions and/or payroll deductions acknowledged by Defendant thereon to be due Plaintiffs;

(b)     Defendant has made payment of contributions and/or deductions due Plaintiffs, but such payment was made in an untimely fashion pursuant to the collective bargaining agreement and Trust Agreements.  Plaintiffs have assessed liquidated damages and accrued interest against the Defendant as authorized by the Trust Agreements and ERISA, but Defendant has failed and refused to make payment of said liquidated damages and accrued interest.

6.     That upon careful review of all records maintained by Plaintiffs, and after application of any and all partial payments made by Defendant, there is a total of $189,671.26, known to be due Plaintiffs from Defendant, subject however to the possibility that additional monies may be due Plaintiffs from Defendant based upon Defendant's failure to submit all required reports, or to accurately state all hours for which contributions and deductions are due on reports previously submitted, and subject further to the possibility that additional amounts will come due during the pendency of this lawsuit.

7.     Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

8.     Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

4

WHEREFORE, Plaintiffs pray:

(A)    That an account be taken as to all employees of Defendant covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period for which the collective bargaining agreement is to be effective;

(B)    That Defendant be enjoined and ordered to submit all delinquent monthly reports to Plaintiffs with the information required to be provided thereon, to continue to submit such reports while this is pending, and to comply with its contractual obligation to timely submit such reports in the future;

(C)    That judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions, payroll deductions, liquidated damages, any costs of auditing Defendant's records, accrued interest, NSF bank fees, and Plaintiffs' reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the plans and in ERISA;

(D)    That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

## COUNT II- LMRA CLAIM

9.    The allegations of Paragraphs 1 through 8 are hereby incorporated by reference.

10.    This count arises under the laws of the United States and is brought pursuant to the Labor Management Relations Act, as amended, 29 U.S.C. § 185. Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

11.    Plaintiff, BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS' LOCAL UNION NO. 111, (hereinafter "Local 111"), is an unincorporated, voluntary association, commonly referred to as a labor union, which exists for the purposes of representing employees in collective bargaining with their employers. Local 111 maintains its office in Rock Island, Illinois.

12.    Defendant is bound to a collective bargaining agreement with Local 111 obligating Defendant to report and pay fringe benefit contributions and payroll deductions on behalf employees performing work covered by the collective bargaining agreement.

13.    As an employer obligated to report and pay fringe benefit contributions and payroll deductions on behalf of its bargaining unit employees, Defendant is specifically required to do the following:

(a)    To submit to Plaintiffs for each month, by the 20th day of the month following the month for which the report is made, a report stating the names, social security numbers, and total hours worked or for which wages were received in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

(b)    To accompany the aforesaid reports with payment of contributions and/or payroll deductions based upon the rates as stated in the applicable agreements;

(c)    To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Defendant is making full payment as required under the applicable agreements;

(d)    To compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions and deductions, by way of the payment of liquidated damages, together with interest as provided in ERISA, 29 U.S.C. §1132(g);

(e)    To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions and deductions required of it to be made to Plaintiffs;

(f)    To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions and/or payroll deductions;

(g)    To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions and deductions due the Plaintiffs.

14.    Defendant is delinquent and has breached its obligations to Plaintiff Funds and its obligations under the plans in the following respect:

(a)    Defendant has failed and refused to submit all of its reports to Plaintiffs due, to date, and/or, has failed to make payment of all contributions and/or deductions acknowledged by Defendant thereon to be due Plaintiffs;

(b)    Defendant has made payment of contributions and deductions due Plaintiffs, but such payment was made in an untimely fashion pursuant to the collective bargaining agreement and Trust Agreements. Plaintiffs have assessed liquidated damages and accrued interest against the Defendant as authorized by the Trust Agreements and ERISA, but Defendant has failed and refused to make payment of said liquidated damages and accrued interest.

15.    That upon careful review of all records maintained by Plaintiffs, and after application of any and all partial payments made by Defendant, there is a total of $189,671.26 known to be due Plaintiffs from Defendant, subject however to the possibility that additional monies may be due Plaintiffs from Defendant based upon Defendant's failure to submit all required reports, or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional amounts will come due during the pendency of this lawsuit.

16.    Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

17.    Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiff for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

(A)     That an account be taken as to all employees of Defendant covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period for which the collective bargaining agreement is to be effective;

(B)     That Defendant be enjoined and ordered to submit all delinquent monthly reports to Plaintiffs with the information required to be provided thereon, to continue to submit such reports while this action is pending, and to comply with its contractual obligation to timely submit such reports in the future;

(C)     That judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions, payroll deductions, liquidated damages, any costs of auditing Defendant's records, accrued interest, and Plaintiffs' reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the collective bargaining agreement, Trust Agreements, and in ERISA;

(D)     That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.


/s/   Patrick N. Ryan

Catherine M. Chapman
Patrick N. Ryan
Jennifer L. Dunitz-Geiringer
Attorneys for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6278364
Telephone:  (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: pryan@baumsigman.com
I:\MIDJ\K & V Steel\2008\complaint.pnr.df.wpd